[No. E056878. Fourth Dist., Div. Two. Dec. 19, 2013.]

THE PEOPLE, Plaintiff and Respondent, v.
LIONEL FREDRICK JOHNSON, JR., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I, II, IV, V, and VI.

488

## COUNSEL

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Laura A. Glennon, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RICHLI, J.**—One SUV rear-ended another SUV that had stopped at a red light. All five occupants of the vehicle that was hit were injured, to varying degrees; one was crippled.

When the police arrived, they found defendant Lionel Fredrick Johnson, Jr., at the scene, blatantly drunk. He admitted that he had been driving and that he hit the other vehicle.

As no eyewitness could identify defendant as the driver, however, defense counsel argued that there was reasonable doubt as to whether defendant was driving. He also argued that defendant's admissions were not credible because "drunk people say crazy things all the time."

After the trial, defendant filed a motion for disclosure of the jurors' identifying information. In support, his parents testified that several jurors had stated that they had concluded only reluctantly that defendant had been driving, partly because he did not take the stand and testify. The trial court denied the motion. In the published portion of this opinion, we will hold that this was error. We will reject the People's arguments that (1) the jurors' statements were inadmissible hearsay, (2) the jurors' statements were inadmissible under Evidence Code section 1150, and (3) defendant had to show that he had made diligent efforts to contact the jurors by other means.

In the nonpublished portion of this opinion, we will hold that the trial court committed one sentencing error.

Accordingly, the matter must be remanded with directions to reconsider defendant's motion. However, if (1) the motion is once again denied, (2) the motion is granted but defendant fails to file a motion for new trial, or (3) defendant files a motion for new trial but the motion for new trial is denied, the trial court must resentence defendant.

I–II[*]

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

### III

### DISCLOSURE OF JURORS' IDENTIFYING INFORMATION

Defendant contends that the trial court erred by denying his posttrial motion for disclosure of jurors' identifying information.

A. *Additional Factual and Procedural Background.*

On March 15, 2011, the jury returned its verdicts. At that point, defendant had not waived a jury trial on the priors, so the jurors were ordered to return on March 16. On March 16, however, defendant decided to waive a jury trial, and the trial court excused the jurors.

The court trial on the priors, originally set for May 13, 2011, was repeatedly continued until it was eventually held on November 18, 2011. . Sentencing, originally set for January 27, 2012, was likewise repeatedly continued.

On April 26, 2012, defendant filed a motion for release of jurors' personal identifying information. The motion was set for hearing on the date then set for sentencing, May 25, 2012.

On April 26, 2012, defendant filed a motion for release of jurors' identifying information. Defendant's mother and stepfather, Joy and Delvin Livingston, submitted declarations in support of the motion.

They both testified that on March 16, 2011,[1] they had had a conversation with three female jurors. One of the jurors cried and said she was "sorry." She said she wanted to talk to the judge. From there, the mother's and stepfather's accounts of the conversation diverged somewhat.

According to defendant's mother, the conversation took place outside the courtroom. The crying juror said, "[W]hy didn't he take the witness stand and defend himself[?] Why didn't he say something, we need to hear it from him. Did he have any prior DUIs . . . ? Is that the reason why he didn't take the

---

[*]See footnote, *ante,* page 486.

[1] The stepfather misdescribed the proceedings on March 16, 2011, as a "sentencing hearing."

witness stand?" The mother and stepfather then took the crying juror to defense counsel, introduced her, and told him what she had said. Defense counsel gave the crying juror his card and asked her to call him.

According to defendant's stepfather, the conversation took place inside the courtroom. Two jurors said "that i[t] was hard for us to vote guilty" because of the possibility that defendant "was covering for someone else." The crying juror said, "[M]ost of [us] were thinking . . . if [defendant] was not the driver, why didn't he take the stand to defend himself . . . [?]" She added that this was one of the "things the jurors had a hard time with." She continued, "[T]he jury wrestled with . . . why isn't [defendant] taking the stand[?] [Defendant] needed to say something." "The three jurors indicated that they were at least half of the jurors who raised the question if he is innocent why he didn't take the stand to defend himself." Afterwards, all three jurors talked to defense counsel.

On May 25, 2012, at the hearing on defendant's motion, the prosecutor conceded, "[A]ssuming the facts as stated in the motion are correct, I believe there is good cause to disclose the juror information." However, he objected to defendant's parents testifying by declaration rather than in person. He also argued that the passage of time called into question the credibility of the declarations: "[A] year and three months ago, both parents are here, the jurors are telling them that they disobeyed the Court's rules . . . . [T]hey disclose this to [defense counsel], who, for a year and three months, did nothing. [¶] . . . I believe that if a situation like this would have occurred, [defense counsel] would have acted with a little more haste rather than letting his client wallow in county jail for a year and three months."

Defense counsel responded that the motion was properly brought based on declarations, but in any event, "The [parents] are here. . . . [T]hey are available."

He also explained: "I do recall that there were jurors that did . . . speak to me. I was . . . speaking with the parents. Some jurors did stay. How the issue came up, is that the parents w[ere] speaking to someone else . . . who['s] a lawyer, and then that particular attorney told the parents that they need to disclose that information to me, so they did so. Then I did . . . file the motion."

The trial court ruled: "I've read the declarations, and I disagree with both of you. If [*sic*] the declaration of [defendant's stepfather], first, one of the jurors says she was sorry. That doesn't mean anything. I've sat on a jury. I've made Court decisions. Lots of times you're sorry that you have to do what

you have to do. And then she said that it was hard for us to vote guilty. I think it's hard to vote guilty for anybody. And being hard to vote guilty is not reason to disclose.

"And going through—just going through the declaration [it] said [defendant] . . . may not have been the driver. It was possible that he was covering for someone else. That is just talking about the procedure that they went through, getting to the fact—getting to the point where they voted guilty.

"I just don't see any reason to grant this motion. I'm going to deny it."

Meanwhile, the trial court also further continued the sentencing hearing to July 13, 2012.

B. *Analysis.*

1. *Legal background.*

█ Under Code of Civil Procedure section 237, in a criminal case, the trial jurors' "personal juror identifying information"—defined as their names, addresses, and telephone numbers—must be sealed after their verdict is recorded. (Code Civ. Proc., § 237, subd. (a)(2).) However, "[a]ny person may petition the court for access to these records. The petition shall be supported by a declaration that includes facts sufficient to establish good cause for the release of the juror's personal identifying information." (Code Civ. Proc., § 237, subd. (b); see Code Civ. Proc., § 206, subd. (g).)

If the trial court finds that the moving party has made a prima facie showing of good cause, and if it finds no compelling interest against disclosure, it must set the matter for hearing. (Code Civ. Proc., § 237, subd. (b).) The trial jurors are entitled to notice, an opportunity to object to disclosure, and an opportunity to appear. (Code Civ. Proc., § 237, subd. (c).)

If none of the jurors object, the trial court must grant disclosure. However, if a juror is unwilling to be contacted, the trial court must deny disclosure. (Code Civ. Proc., § 237, subd. (d).)[2]

We review an order on a motion for disclosure of jurors' identifying information under the deferential abuse of discretion standard. (*People v. Carrasco* (2008) 163 Cal.App.4th 978, 991 [77 Cal.Rptr.3d 912].)

---

[2] Code of Civil Procedure section 237, subdivision (d) further provides that if (1) a juror objects, but (2) the juror is not unwilling to be contacted, the trial court must order disclosure, unless it finds either no good cause or a compelling interest against disclosure. In practice, it is hard to imagine why a juror who is willing to be contacted would object.

The statute is also somewhat unclear about whether one objecting juror can block the disclosure of other jurors' information.

## 2. *Hearsay in the declarations.*

 The prosecution's objection below to proceeding on declarations was unfounded. Under Code of Civil Procedure section 237, subdivision (b), the motion is supposed to be based on declarations.[3]

In this appeal, the People argue that the parents' declarations consisted of hearsay, in that they had no personal knowledge of what took place in the jury room. They forfeited this objection by failing to raise it below. (Evid. Code, § 353, subd. (a).) Separately and alternatively, it lacks merit. The whole point of moving for the disclosure of jurors' identifying information is to talk to the jurors; and the whole point of talking to the jurors is to obtain evidence of juror misconduct that will support a motion for new trial. The only people who can testify of their own personal knowledge about what happened in the jury room are the jurors themselves. Thus, it would be absurd to require a defendant seeking disclosure to introduce, at that preliminary stage, admissible evidence that juror misconduct actually occurred. Rather, the defendant simply has to prove that talking to the jurors is reasonably likely to produce admissible evidence of juror misconduct.

In this respect, a motion for the disclosure of jurors' identifying information is analogous to a *Pitchess* motion (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305]) for disclosure of a police officer's confidential personnel records. A *Pitchess* motion can be based on a declaration made on information and belief—i.e., hearsay. (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 86–89 [260 Cal.Rptr. 520, 776 P.2d 222].) As the Supreme Court has explained: " ' "Whenever the statute, either in express terms or by implication, requires a person to make a statement which from the very nature of things can only be made on information and belief, an affidavit in that form meets the demands of the statute." ' " (*Id.* at p. 87.) "Because defense counsel would only rarely be present when the alleged officer misconduct occurred, counsel has little information to offer based on counsel's personal knowledge." (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1026 [29 Cal.Rptr.3d 2, 112 P.3d 2].)

 A juror's out-of-court statement that misconduct occurred, when offered in support of a motion for disclosure, is not offered for the truth of the matter asserted; thus it is not hearsay. It is simply used to show good cause to contact the juror. Once the juror is contacted, if the juror confirms the

---

[3] The parents' declarations were not executed under penalty of perjury; they did not use the wording prescribed by Code of Civil Procedure section 2015.5. The prosecution, however, did not object on that ground. Thus, it forfeited any such objection. Moreover, even if it had objected, defense counsel's offer to have the parents testify under oath at the hearing could have cured the problem. In any event, this was not why the trial court denied the motion.

misconduct, the juror's testimony can be used to support a motion for new trial. On the other hand, if the juror denies the misconduct, the out-of-court statement becomes admissible as a prior inconsistent statement. (Evid. Code, § 1235.) Accordingly, in this case, the trial court properly considered the jurors' out-of-court statements to the parents.

### 3. *Evidence Code section 1150.*

■ The People also argue that the jurors' statements were inadmissible under Evidence Code section 1150. Once again, they did not object on this ground below. However, evidence that violates Evidence Code section 1150 is not merely inadmissible, it is irrelevant—"of no jural consequence." (*People v. Steele* (2002) 27 Cal.4th 1230, 1264 [120 Cal.Rptr.2d 432, 47 P.3d 225].) Thus, the People did not have to object below to preserve this contention.

Evidence Code section 1150, subdivision (a) provides: "Upon an inquiry as to the validity of a verdict, any otherwise admissible evidence may be received as to statements made, or conduct, conditions, or events occurring, either within or without the jury room, of such a character as is likely to have influenced the verdict improperly. No evidence is admissible to show the effect of such statement, conduct, condition, or event upon a juror either in influencing him to assent to or dissent from the verdict or concerning the mental processes by which it was determined."

" 'This statute distinguishes "between proof of overt acts, objectively ascertainable, and proof of the subjective reasoning processes of the individual juror, which can be neither corroborated nor disproved . . . ." [Citation.] "This limitation prevents one juror from upsetting a verdict of the whole jury by impugning his own or his fellow jurors' mental processes or reasons for assent or dissent. The only improper influences that may be proved under [Evidence Code] section 1150 to impeach a verdict, therefore, are those open to sight, hearing, and the other senses and thus subject to corroboration." [Citations.]' [Citation.]" (*People v. Gonzales* (2012) 54 Cal.4th 1234, 1281 [144 Cal.Rptr.3d 757, 281 P.3d 834].)

"Evidence Code section 1150, while rendering evidence of the jurors' mental processes inadmissible, expressly permits, in the context of an inquiry into the validity of a verdict, the introduction of evidence of 'statements made . . . within . . . the jury room.' We have warned, however, that such evidence 'must be admitted with caution,' because '[s]tatements have a greater tendency than nonverbal acts to implicate the reasoning processes of jurors.' [Citation.] But statements made by jurors during deliberations are admissible under Evidence Code section 1150 when 'the very making of the

statement sought to be admitted would itself constitute misconduct.' [Citation.]" (*People v. Cleveland* (2001) 25 Cal.4th 466, 484 [106 Cal.Rptr.2d 313, 21 P.3d 1225].)

Here, defendant's mother's declaration was entirely irrelevant under Evidence Code section 1150. According to her, only the crying juror spoke, and the only thing she spoke about was her own mental processes. Indeed, she appeared to be speaking about her own mental processes at that moment, not necessarily when she returned her verdict. Thus, all her statement showed was that she had second thoughts.

Portions of defendant's stepfather's declaration were likewise irrelevant under Evidence Code section 1150. For example, the statement that it "was hard for us to vote guilty" because of the possibility that defendant "was covering for someone else" was inadmissible evidence of the jurors' mental processes. Statements about what the jurors were "thinking," what they "wrestled with," and what they "had a hard time with" were likewise inadmissible.

One statement in the stepfather's declaration, however, was relevant and admissible—the statement that "at least half of the jurors . . . raised the question if he is innocent why he didn't take the stand to defend himself." The jury had been instructed: "A defendant has an absolute constitutional right not to testify. . . . Do not consider, for any reason at all, the fact that the defendant did not testify." (CALCRIM No. 355.) "[B]y violating the trial court's instruction not to discuss defendant's failure to testify, the jury committed misconduct. [Citations.]" (*People v. Leonard* (2007) 40 Cal.4th 1370, 1425 [58 Cal.Rptr.3d 368, 157 P.3d 973].) Moreover, the mere making of such a statement in the jury room was an overt act of misconduct and admissible as such under Evidence Code section 1150. (*People v. Hord* (1993) 15 Cal.App.4th 711, 725 [19 Cal.Rptr.2d 55]; *People v. Perez* (1992) 4 Cal.App.4th 893, 908 [6 Cal.Rptr.2d 141].)

### 4. *The trial court's exercise of discretion.*

The trial court does not seem to have realized that the declarations showed that the jurors had improperly considered defendant's failure to testify. According to the trial court's summary of the evidence, a juror said she was "sorry," a juror said it "was hard for us to vote guilty," and a juror said defendant may have been "covering for someone else." In addition, however, as already discussed, there was admissible evidence that the jurors considered defendant's failure to testify, which constituted misconduct. By disregarding that evidence, the trial court abused its discretion.

The People argue that we should nevertheless sustain the denial of defendant's motion, because defendant failed to show that he had made

diligent efforts to contact the jurors by other means. To understand the law on this issue, it is necessary to examine the history of Code of Civil Procedure section 237.

In 1989, in *People v. Rhodes* (1989) 212 Cal.App.3d 541 [261 Cal.Rptr. 1], the appellate court outlined a nonstatutory procedure for obtaining jurors' identifying information after a criminal trial. After balancing the countervailing interests in confidentiality and in disclosure (*id.* at pp. 548–551), it held that "upon timely motion, counsel for a convicted defendant is entitled to the list of jurors who served in the case, including addresses and telephone numbers, if the defendant sets forth a sufficient showing to support a reasonable belief that jury misconduct occurred, *that diligent efforts were made to contact the jurors through other means*, and that further investigation is necessary to provide the court with adequate information to rule on a motion for new trial." (*Id.* at pp. 551–552, italics added.)

In 1992, the Legislature enacted Code of Civil Procedure section 237. At the time, this section allowed the trial court to seal jurors' identifying information on request. (Code Civ. Proc., former § 237, subd. (b), as added by Stats. 1992, ch. 971, § 3, p. 4598.) The Legislature also amended Code of Civil Procedure section 206 so as to allow a convicted defendant to request the release of jurors' identifying information, if "necessary for the defendant to communicate with jurors for the purpose of developing issues on appeal or any other lawful purpose." (Code Civ. Proc., former § 206, subd. (f), as amended by Stats. 1992, ch. 971, § 2, p. 4597.)

In 1995, the Legislature amended Code of Civil Procedure section 237 so as to *require* the trial court to seal jurors' identifying information. (Code Civ. Proc., § 237, subd. (a)(2), as amended by Stats. 1995, ch. 964, § 3, p. 7376.) However, it also allowed any person to move for release of the information, based on a declaration showing good cause. (Code Civ. Proc., § 237, subd. (b), as amended by Stats. 1995, ch. 964, § 3, p. 7376.)

For a time, courts had been split with respect to whether the 1992 statutory procedure superseded *Rhodes*'s nonstatutory requirement of a showing of good cause. (Compare *People v. Granish* (1996) 41 Cal.App.4th 1117, 1127–1129 [49 Cal.Rptr.2d 45] [Fourth Dist., Div. Two] [showing of good cause required] with *People v. Simms* (1994) 24 Cal.App.4th 462, 467–468 [29 Cal.Rptr.2d 436] [showing of good cause not required].) The 1995 amendments, however, were understood as imposing a good cause requirement by statute. (See *People v. Jefflo* (1998) 63 Cal.App.4th 1314, 1321, fn. 8 [74 Cal.Rptr.2d 622]; see also *Townsel v. Superior Court* (1999) 20 Cal.4th 1084, 1096, fn. 4 [86 Cal.Rptr.2d 602, 979 P.2d 963].)

In support of their claim that defendant had to show diligent efforts to contact the jurors through other means, the People cite *People v. Jones* (1998) 17 Cal.4th 279 [70 Cal.Rptr.2d 793, 949 P.2d 890]. *Jones*, however, did not involve a motion under Code of Civil Procedure section 237. Rather, in *Jones*, as the Supreme Court specifically noted, "the verdict was returned before Code of Civil Procedure 237 was enacted . . . ." (*Jones*, at p. 317.) Accordingly, the court held that the nonstatutory procedure outlined in *Rhodes* applied. (*Jones, supra,* at p. 317.) And, of course, under *Rhodes*, the defendant had to show " 'that diligent efforts were made to contact the jurors through other means . . . .' " (*Jones, supra,* at p. 317, quoting *People v. Rhodes, supra,* 212 Cal.App.3d at pp. 551–552.)

Code of Civil Procedure section 237 does not expressly require a defendant to show diligent efforts to contact the jurors through other means. Moreover, we do not believe that such a requirement can be implied as a matter of "good cause." It must be remembered that, when *Rhodes* was decided, jurors' identifying information was not sealed. Indeed, as *Rhodes* noted, "the master list of qualified jurors, including names and addresses, [wa]s a judicial record subject to public disclosure. [Citations.]" (*People v. Rhodes, supra,* 212 Cal.App.3d at p. 550.) Since the 1995 amendments to Code of Civil Procedure section 237, however, jurors' identifying information is sealed, and a motion for disclosure is necessary to obtain it.

If we were to hold that such a motion requires a showing that the defense has tried to contact the jurors by other means, we would be forcing counsel to try to find ways around the seal. Admittedly, some jurors do willingly contact defense counsel after the trial. However, defense counsel would have to try to track down the unwilling jurors. Would they have to pester the willing for details about the unwilling? Would they have to hire private detectives? Because the Legislature provided that jurors' identifying information must be sealed, we conclude it did not intend to require a defendant to show diligent efforts to obtain the sealed information as a condition of unsealing it.

At oral argument, the People argued for the first time that the trial court should have denied the motion as untimely. It is important to note that this is significantly different from the argument, which they *did* raise in their brief, that defendant failed to show diligent efforts to contact the jurors by other means. Their reframed argument is that, *even if* a defendant does not have to try to contact the jurors by other means, he or she *still* must bring a motion for disclosure promptly after learning that grounds for such a motion exist.

*Rhodes* required that a motion for jurors' identifying information be "timely." (*People v. Rhodes, supra,* 212 Cal.App.3d at p. 551.) By contrast, Code of Civil Procedure sections 206 and 237 do not contain an express

timeliness requirement. However, they have been construed as having an implied timeliness requirement, albeit only a limited one.

The controlling authority on this point is *People v. Duran* (1996) 50 Cal.App.4th 103 [57 Cal.Rptr.2d 635]. There, the defendant filed a new trial motion based on juror misconduct; it was supported by an investigator's declaration about his interview of one of the jurors. (*Id.* at pp. 108–109.) The prosecution objected to the declaration as hearsay. (*Id.* at p. 109.) On the date set for the hearing on the new trial motion, which was also the date set for sentencing, defense counsel orally requested the names and addresses of the other jurors. The trial court denied the request as untimely. (*Id.* at p. 110.)

On appeal, the court noted that Code of Civil Procedure section 206 does require that the juror information be sought for a "lawful purpose." (*People v. Duran, supra*, 50 Cal.App.4th at p. 122.) In the case before it, the defendant's purpose was to support a motion for new trial. However, he would not have been able to use the information for that purpose unless he could obtain a continuance of the hearing on his motion for new trial as well as the sentencing hearing. Moreover, to obtain a continuance, he would have to show that he and his counsel had shown due diligence. The court held that the defendant could not show due diligence, because his counsel could have sought the jurors' personal identifying information when he first learned of the possible misconduct; instead, he did not raise the issue for six weeks. (*Ibid.*) The court concluded: "Since appellant failed to show he exercised due diligence in pursuing this claim, there was no basis shown for continuing the hearing on the motion for new trial. Since appellant sought this information to support his motion for new trial, there was no longer a lawful purpose to be served by releasing this information. The trial court thus acted properly in denying the untimely request for juror information." (*Id.* at p. 123.)

Here, the sentencing hearing was set for May 25, 2012. Defendant filed his motion for disclosure on April 26 and set it for hearing on May 25. Meanwhile, however, he also filed a motion for a continuance of the sentencing hearing, on the ground that a "key witness" was unavailable. As already discussed, the trial court denied the motion for disclosure, but it granted the motion for a continuance; it continued the sentencing hearing to July 13. This would have given defendant time to contact the jurors and to file a motion for new trial, set for hearing on July 13. Thus, defendant did not have to show any additional good cause for a continuance. In particular, under *Duran*, he did not have to show due diligence in bringing the motion for disclosure. Even assuming he did not act with due diligence, he was still seeking the information for a "lawful purpose."

Finally, we also consider whether the trial court should have denied defendant's motion because, as the prosecutor argued below, the declarations

were not credible. Certainly there was room for skepticism. The mother and stepfather contradicted each other on several points. If one chooses to credit the mother's account over the stepfather's, then there is no admissible evidence of juror misconduct at all. Moreover, it is hard to believe that the jurors told defendant's parents that they wanted to talk to the judge but did not say this to defense counsel. Indeed, according to the mother, she told defense counsel what the juror had said. Even assuming this information was not volunteered, it is hard to believe that defense counsel did not take the opportunity to debrief the jurors.

Nevertheless, " '[t]he power to judge the credibility of witnesses and to resolve conflicts in the testimony is vested in the trial court' " (*People v. Hamlin* (2009) 170 Cal.App.4th 1412, 1463 [89 Cal.Rptr.3d 402]), even when the witnesses testify via declarations (*id.* at pp. 1463–1464). Here, the trial court denied the motion, but not because the declarations were incredible. We cannot say that the declarations were incredible as a matter of law. Thus, we cannot affirm the denial on this ground. However, it will be open to the trial court to make such a determination on remand.

### 5. *Conclusion.*

In sum, we conclude that the trial court erred. Assuming that defendant's stepfather's declaration was credible, defendant was entitled to disclosure of the jurors' identifying information. However, because of our doubts regarding the credibility of both declarations, we cannot say that the motion should have been granted. Rather, the appropriate appellate remedy is to remand with directions to reconsider the motion.

On remand, if the trial court grants the motion, it shall allow defense counsel a reasonable time to try to contact the jurors, to determine whether a motion for new trial is warranted, and if so, to file a motion for new trial. However, unless a motion for new trial is not only timely filed but actually granted, the trial court shall resentence defendant.

### IV–VI*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### VII

### DISPOSITION

The judgment with respect to the conviction is affirmed, and the judgment with respect to the sentence is reversed, subject to the following conditions.

---

*See footnote, *ante*, page 486.

On remand, the trial court must reconsider defendant's motion for disclosure of jurors' identifying information, and it must grant that motion, unless it finds that the evidence that otherwise supports the motion is not credible. If the trial court grants the motion, it must allow defendant a reasonable time to file a motion for new trial. If (1) the trial court denies the motion for disclosure of jurors' identifying information, (2) the trial court grants the motion for disclosure of jurors' identifying information, but defendant fails to file a timely motion for new trial, or (3) defendant files a timely motion for new trial, but the trial court denies the motion for new trial, the trial court must resentence defendant. If, however, a motion for new trial is filed and granted, the matter shall proceed accordingly.

Ramirez, P. J., and McKinster, J., concurred.

A petition for a rehearing was denied January 14, 2014.