Filed 1/3/24  P. v. Ortiz CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JESUS ANGEL ORTIZ,<br><br>Defendant and Appellant. | D081499<br><br><br>(Super. Ct. No. SCD296094) |

APPEAL from a judgment of the Superior Court of San Diego County, Jeffrey F. Fraser, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Juliet W. Park, Deputy Attorneys General, for Plaintiff and Respondent.

### MEMORANDUM OPINION

After the jury found Jesus Angel Ortiz guilty of robbery, one juror elected to speak with counsel for both parties.  The juror expressed his belief

that several jurors misunderstood the burden of proof for various reasons. On this basis, defense counsel moved for disclosure of the jurors' personal identifying information. The trial court denied the motion after finding "no proof or any evidence of juror misconduct" and thus no good cause to release the requested information.

Ortiz appeals the denial of this motion. We affirm. As we resolve this case by memorandum opinion, we do not elaborate on factual or procedural background beyond what is required for our analysis. (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854.)

I.

Ortiz argues the trial court erred when it denied his motion to disclose jurors' personal identifying information. Reviewing under the deferential abuse of discretion standard, we disagree. (*People v. Johnson* (2013) 222 Cal.App.4th 486, 492 (*Johnson*).)

A criminal defendant may request jurors' personal identifying information for any "lawful purpose," including to develop a motion for new trial. (Code Civ. Proc., § 206, subd. (g).) The request "shall be supported by a declaration that includes facts sufficient to establish good cause" for the disclosure. (*Id.*, § 237, subd. (b).) "[A]llegations of jury misconduct [that] are speculative, conclusory, vague, or unsupported" cannot establish good cause. (*People v. Cook* (2015) 236 Cal.App.4th 341, 346.) Rather, the defendant must show that "talking to the jurors is reasonably likely to produce admissible evidence of juror misconduct." (*Johnson*, *supra*, 222 Cal.App.4th at p. 493.) If the defendant fails to make this prima facie showing, the court may deny the motion without holding an evidentiary hearing, as "the public interest in the integrity of the jury system and the jurors' right to privacy outweighs the defendant's interest in disclosure" absent good cause. (Code

2

Civ. Proc., § 237, subd. (b); *People v. McNally* (2015) 236 Cal.App.4th 1419, 1430.)

We consider only the facts asserted in defense counsel's declaration. The prosecutor described the juror's comments in the opposition brief without any supporting declaration, but "[a]rgument of counsel is not evidence." (*Fuller v. Tucker* (2000) 84 Cal.App.4th 1163, 1173.) At the motion hearing, defense counsel raised Ortiz's belief that a different juror told him " 'This is our world,' " also without any supporting declaration. Thus, this evidence does not comply with Code of Civil Procedure section 237, which requires the facts showing good cause to be presented in a declaration.

According to defense counsel's declaration, the juror "believed" several jurors "misunderstood the burden of proof for various reasons." Noting that the foreperson was a civil attorney, the juror shared that "many of the other jurors seemed to think they had to decide the case by a preponderance of the evidence." In addition, "in [the juror's] opinion," the prosecutor's hand placement during closing argument "made it appear as though she was inadvertently minimizing her burden" while describing reasonable doubt.

Defense counsel failed to make a prima facie showing of good cause. Missing here is the likelihood of admissible information. Only evidence of "statements made, or conduct, conditions, or events occurring" may be used to impeach a verdict. (Evid. Code, § 1150, subd. (a).) The scope of admissible evidence is limited to that which is "open to sight, hearing, and the other senses and thus subject to corroboration." (*People v. Hutchinson* (1969) 71 Cal.2d 342, 350.) In contrast, evidence about an overt event's "effect" on a juror or "the mental processes by which [the verdict] was determined" are inadmissible. (Evid. Code, § 1150, subd. (a).) Such evidence is therefore "of

3

no jural consequence" and is irrelevant. (*People v. Steele* (2002) 27 Cal.4th 1230, 1264.)

Here, the juror merely speculated about others' thinking. What he "believed" about what others "seemed to think" and "his opinion" about how others might view the prosecutor's hand gestures is neither relevant nor admissible. And because the juror did not discuss any overt statements or conduct to support his speculation, it is unlikely that speaking with the jurors would produce admissible evidence. Therefore, the trial court properly exercised its discretion when it denied the motion.

II.

We affirm.

CASTILLO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


KELETY, J.

4