Filed 3/26/24  P. v. Contreras CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERTO CARLOS CONTRERAS,<br><br>    Defendant and Appellant. | 2d Crim. No. B317846<br>(Super. Ct. No. 19CR05914)<br>(Santa Barbara County) |

Roberto Carlos Contreras appeals his convictions by a jury of sodomy by use of force (Pen. Code[1], § 286, subd. (c)(2)(A); count 2), assault and battery (§§ 240 & 242; counts 3 and 4), forcible oral copulation (§ 287, subd. (c)(2)(A); counts 5 and 6), assault (§ 240; counts 7, 10, and 13), corporal injury to spouse (§ 273.5, subd. (a); counts 8, 9, 11, and 12), assault with a deadly weapon (§ 245, subd. (a)(1); count 14), and spousal rape (former § 262,

---

[1] Further unspecified statutory references are to the Penal Code.

subd. (a)(1); count 15).  On count 6, the jury found true allegations he used a deadly weapon (§ 667.61, subds. (b), (e)(3)) and inflicted torture (§ 667.61, subds. (a), (d)(3).)  He was sentenced to an aggregate term of 50 years to life in state prison.

Appellant contends:  (1) the prosecutor committed misconduct under *Griffin v. California* (1965) 380 U.S. 609 (*Griffin*); (2) the trial court erred in denying appellant's petition for juror identifying information; (3) the trial court erred in denying his motion for a new trial based on juror misconduct; and (4) cumulative error.  We disagree and will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Jane Doe and appellant were married with two young children.  From approximately November 2018 to June 2019, appellant severely abused Jane.  In one incident appellant kicked Jane in the face, breaking her glasses and cutting her.  She still has a scar.  Appellant hit her with shoes, vacuum accessories, tennis rackets, and extension cords.  On other occasions he stomped on her, raped her, forced her to have anal sex, and punched her.

During the week of June 15 to June 21, 2019, Jane suffered hours-long beatings nearly every day.  Appellant made her watch her reflection as he beat her.  He said beating her gave him pleasure.  He searched her body for unbruised skin to strike her. He held a knife to her neck.  He placed a belt around her neck and made her eat off the floor like a dog.  He kicked her in her vaginal area and he forced her to orally copulate him.

When Jane dropped her children off at daycare on the morning of June 21, a daycare worker noticed Jane had a black eye.  She had previously seen Jane with bruises and asked her what was going on.  Jane told her about the abuse and when they

2

were both done with work for the day, the daycare worker accompanied Jane to file a police report.

The next day, an emergency medical doctor treated Jane for injuries consistent with blunt trauma from assault and sexual assault. Jane's injuries were extensive and covered most of her face and body. A Sexual Assault Nurse Examiner documented Jane's injuries.

Jane's boss and co-workers testified to having personally observed Jane with black eyes and bruises. Appellant's ex-wife testified to having experienced similar abuse. During closing rebuttal argument the prosecutor said, "Defense, I'd also like to point out, not at one point in time during their closing argument said, the defendant didn't beat Jane Doe, right? That was never said. Not once." Defense counsel objected on the basis of "improper argument, burden shifting, and *Griffin* error." The trial court found that while the prosecutor may not have intended a *Griffin* error, her comment could be misconstrued as such. The court instructed her to "move away from commenting on the Defense's argument regarding the defendant being the only one who could have done this, or anything along those lines." The court then instructed the jury to disregard the prosecutor's statement.

The prosecution and defense counsel spoke with eight of the twelve jurors after trial. Juror No. 8 said there was a compromise. Juror No. 2 said there were "three of us" who did not believe great bodily injury was proven beyond a reasonable doubt as to the torture special allegation on count 6, so they agreed to compromise. Juror No. 9 said she did not believe great bodily injury was proven beyond a reasonable doubt for the torture special allegation on count 6 and agreed to compromise.

She said she and three other jurors wanted to vote not guilty but compromised because there was group pressure during deliberations. She felt she should have been "stronger in what I believe."

When asked how they arrived at their decision, the jurors answered, "there was a compromise . . ." Juror No. 2 said Juror No. 12, "was adamant to compromise so that they wouldn't have to retry the case." Juror No. 2 also stated regarding Juror No. 12 that he "[r]ight away" discussed his personal history of experiencing family violence as a child and he "kept it up. It was like he had a hidden agenda."

Appellant petitioned the trial court for an order disclosing personal juror information under Civil Procedure Code section 237. He argued the information was necessary for defense counsel to prepare a motion for a new trial based on jury misconduct. The court denied the petition. It found the evidence regarding Juror No. 12 "speculative" and the other evidence inadmissible under Evidence Code section 1150. It later denied appellant's motion for new trial.

DISCUSSION

*Alleged* Griffin *Error*

Appellant contends the prosecutor committed a prejudicial *Griffin* error when she commented on appellant's failure to testify. We disagree with appellant's characterization of the prosecutor's comments and accordingly find no error. We also determine that even if *Griffin* error occurred it was harmless.

Prosecutors may not comment "on the accused's silence or instructions by the court that such silence is evidence of guilt." (*Griffin, supra*, 380 U.S. at p. 615.) *Griffin* violations occur where a prosecutor's or trial court's remarks draw attention to a

4

defendant's Fifth Amendment privilege while implying the exercise of that privilege infers guilt. (*People v. Murtishaw* (1981) 29 Cal.3d 733, 757-758, superseded on other grounds in *People v. Boyd* (1985) 38 Cal.3d 762, 772-773.) *Griffin* errors also occur when prosecutors comment either directly or indirectly on a defendant's failure to testify (*People v. Hubbard* (2020) 52 Cal.App.5th 555, 563), or argue certain testimony or evidence is uncontradicted when defendant is the only witness who could contradict it (*People v. Bradford* (1997) 15 Cal.4th 1229, 1339), or where there is a reasonable likelihood the comments could have been understood to refer to defendant's failure to testify. (*People v. Clair* (1992) 2 Cal.4th 629, 663).

*Griffin* does not extend to comments on the state of the evidence or the defense's failure to introduce material evidence or call logical witnesses. (*People v. Vargas* (1973) 9 Cal.3d 470, 475 (*Vargas*).)

Here, the prosecutor's comment did not draw attention to appellant's failure to testify. Counsel merely pointed out that appellant's counsel did not *argue* appellant did not beat Jane. (Cf. *Vargas*, *supra*, 9 Cal.3d at p. 474, italics omitted [prosecutor's argument that "there was no denial" is improper when it connotes a personal response by the defendant].)

Appellant contends the only possible source of evidence necessary to support an argument he did not beat Jane would have been his own testimony. Not true. As appellant's trial counsel argued, evidence could have come from "third-party culpability [evidence]" of which there was none. Had he presented such evidence, appellant would not have needed to testify for his counsel to argue in closing he did not beat Jane.

5

The prosecution was entitled to comment on his attorney's failure to argue he did not inflict Jane's injuries.

Even if the prosecutor's comment could be construed as *Griffin* error, courts have consistently held "'indirect, brief and mild references'" to a defendant's failure to testify, without suggesting an inference of guilt, is a harmless *Griffin* error. (*People v. Bradford* (1997) 15 Cal.4th 1229, 1340.) It is settled that a prompt jury admonition will cure any *Griffin*-related concerns. (*People v. Carr* (2010) 190 Cal.App.4th 475, 484.) We review alleged *Griffin* errors de novo. (*People v. Hubbard* (2020) 52 Cal.App.5th 555, 562.)

The prosecutor's comment was isolated and brief. She made no claims of uncontradicted evidence that could only have been contradicted by appellant's testimony. The court promptly admonished jurors to disregard the statement. (*Vargas*, *supra*, 9 Cal.3d at p. 479 [*Griffin* error harmless where remark was brief, mild, and indirect and followed by prompt admonition]; *People v. Sandoval* (1992) 4 Cal.4th 155, 184-185 [prompt admonition to jury sufficient to alleviate *Griffin* concerns].) We presume the jury followed the trial court's instructions. (*People v. Yeoman* (2003) 31 Cal.4th 93, 138-139; *Francis v. Franklin* (1985) 471 U.S. 307, 324, fn. 9.)

"[F]or *Griffin* error to be prejudicial, the improper comment or instruction must either 'serve to fill an evidentiary gap in the prosecution's case,' or 'at least touch a live nerve in the defense.'" (*Vargas*, *supra*, 9 Cal.3d. at p. 481.) "The effect of *Griffin* error is assessed under the standard of prejudice set forth in *Chapman v. California* (1967) 386 U.S. 18 . . . . That is, 'before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a

6

reasonable doubt.' [Citations.] That standard is met when the evidence of defendant's guilt is so strong as to leave no doubt that the jury would have reached the same result in the absence of the error." (*People v. Denard* (2015) 242 Cal.App.4th 1012, 1022.)

Appellant asserts there was a paucity of evidence and the jury's request for a rereading of Jane's testimony establishes this was a close case. We disagree.

Jane's testimony alone was sufficient to support appellant's conviction, but there was also abundant evidence corroborating her testimony. The jury saw Jane's medical records and photographs of her injuries. They viewed the household items used as weapons to beat her, including a tennis racket deformed by repetitive blows to her body. Neighbors backed Jane's testimony with their own. Appellant's ex-wife testified to an incident of abuse that left a permanent scar on her face and was eerily similar to an incident Jane endured. Jane's boss, co-workers, and a day care worker observed Jane with black eyes and bruises and heard her contemporaneous statements that appellant was responsible for her injuries. The jury heard from police investigators, an emergency doctor, and the sexual assault nurse examiner who treated Jane. The evidence against appellant was so strong, we have no doubt the jury would have reached the same conclusion even without the prosecutor's comment. Unless a witness's testimony is "physically impossible or inherently improbable" one witness's testimony is enough to support a conviction. (*People v. Ramirez* (2022) 13 Cal.5th 997, 1118; see also Evid. Code § 411.)

*Denial of Petition for Order Disclosing*
*Personal Juror Information*

Appellant contends the trial court abused its discretion by denying his petition for an order disclosing personal juror information. He alleges two potential incidents of misconduct: (1) juror pressure leading to a compromise verdict, and (2) juror bias on the part of Juror No. 12. We conclude the trial court exercised sound discretion in denying the petition.

In criminal cases, the court's records containing juror identifying information are sealed once the jury has returned its verdict. (*People v. Carrasco* (2008) 163 Cal.App.4th 978, 989 (*Carrasco*).) Disclosure of juror personal identifying information is governed by Civil Procedure Code sections 206 and 237. A defendant may "petition the court for access to personal juror identifying information within the court's records necessary for the defendant to communicate with jurors for the purpose of developing a motion for new trial or any other lawful purpose." (Code Civ. Proc., § 206, subd. (g).) "The petition shall be supported by a declaration that includes facts sufficient to establish good cause for the release of the juror's personal identifying information." (*Id.*, § 237, subd. (b).) An adequate petition must "establish a prima facie showing of good cause." (*Ibid.*)[2] "[G]ood cause" exists if the petition supports "'a reasonable belief that jury misconduct occurred, that diligent efforts were made to contact the jurors through other means, and

_____

[2] Upon receipt of an adequate petition the court shall set the matter for hearing unless the court finds there is a "compelling interest against disclosure." (Code Civ. Proc., § 237, subd. (b).)

8

that further investigation is necessary to provide the court with adequate information to rule on a motion for new trial.'" (*Carrasco*, *supra*, 163 Cal.App.4th at p. 990.) We review the denial of a petition filed pursuant to Code of Civil Procedure section 237 for abuse of discretion. (*People v. Jones* (1998) 17 Cal.4th 279, 317; *Carrasco*, at p. 991).

We agree appellant failed to make a prima facie showing of good cause to release juror identifying information and find no abuse of discretion. Even crediting the jurors' statements that they felt "pressured," their verdicts were reached by compromise, and Juror No. 12 discussed his personal life experiences, these statements are not evidence of juror misconduct. Evidence showing a juror's thought process in reaching a verdict is irrelevant and inadmissible. (Evid. Code, § 1150, subd. (a);[3] *People v. Johnson* (2013) 222 Cal.App.4th 486, 494.) Compromise verdicts are valid. (*People v. Abilez* (2007) 41 Cal.4th 472, 513 [valid jury verdicts may reflect "jury lenity, compromise, or mistake"].) Jurors may rely on their own experiences in evaluating evidence presented at trial. (*People v. Leonard* (2007) 40 Cal.4th 1370, 1414.)

Appellant's assertion the trial court's denial of his petition for juror information denied him effective assistance of counsel is

---

[3] Evid. Code § 1150 subdivision (a) states: "Upon an inquiry as to the validity of a verdict, any otherwise admissible evidence may be received as to statements made, or conduct, conditions, or events occurring, either within or without the jury room, of such a character as is likely to have influenced the verdict improperly. No evidence is admissible to show the effect of such statement, conduct, condition, or event upon a juror either in influencing him to assent to or dissent from the verdict or concerning the mental processes by which it was determined."

unfounded.  He cites no relevant supporting authority.  His petition seeking additional information regarding jurors' thought processes and rationales in reaching their verdicts was properly denied.

*Denial of Appellant's Motion for a New Trial*

Appellant asserts his Sixth Amendment rights to an impartial jury and due process were violated when the trial court denied his motion for a new trial based on jury misconduct under section 1181, subdivision 3.  We again disagree.

When a party seeks a new trial based upon jury misconduct, the trial court must determine whether evidence presented for its consideration is admissible, whether the facts establish misconduct, and whether misconduct was prejudicial.  (*People v. Duran* (1996) 50 Cal.App.4th 103, 112-113.)  We review the court's denial of a motion for new trial independently to determine whether alleged misconduct prevented the appellant from having a fair trial.  (*People v. Ault* (2004) 33 Cal.4th 1250, 1263-1264.)

Evidence Code section 1150 allows juror misconduct to be shown by juror affidavit.  "'Upon an inquiry as to the validity of a verdict, any otherwise admissible evidence may be received as to statements made, or conduct, conditions, or events occurring, either within or without the jury room, of such a character as is likely to have influenced the verdict improperly.  No evidence is admissible to show the effect of such statement, conduct, condition, or event upon a juror either in influencing him to assent to or dissent from the verdict or concerning the mental processes by which it was determined.'"  (*People v. Hutchinson* (1969) 71 Cal.2d 342, 349.)  The "moving party must present admissible evidence that misconduct occurred."  (*People v. Von*

10

*Villas* (1992) 10 Cal.App.4th 201, 251.) The motivation and reasons that bear on a juror's decision about the case are "beyond the competence of affidavits to show . . . jury misconduct." (*People v. Brown* (1976) 61 Cal.App.3d 476, 482.)

Appellant submitted a juror declaration in support of his motion for new trial repeating the same information regarding the jury's agreement to compromise and Juror No. 12's discussing his personal history of domestic violence, and adding that the juror did not believe infliction of great bodily injury or use of a knife had been proven. The trial court correctly found the declaration consisted of hearsay, speculation, and the juror's subjective mental processes during deliberation. This single, inadmissible declaration was insufficient to establish juror misconduct. The trial court properly denied the motion.

*Cumulative Error*

Appellant claims cumulative error. We have determined each of his contentions lack merit. There is no cumulative error. (*People v. Avila* (2006) 38 Cal.4th 491, 608.)

DISPOSITION

Judgment is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

YEGAN, Acting P. J.          BALTODANO, J.

11

The Honorable Patricia Kelly, Judge
Superior Court County of Santa Barbara

_____

Jennifer A. Mannix, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Ryan M. Smith, Deputy Attorney General, for Plaintiff and Respondent.