Filed 4/14/2015

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CARLOS DIAZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B256050<br>(Super. Ct. No. MA025998)<br>(Los Angeles County) |

Carlos Diaz purports to appeal from an order denying his post-judgment petition to access confidential juror identifying information seven years after his murder conviction. (Code Civ. Proc., § 237, subd. (b).) His petition is based on a juror misconduct claim that we rejected on appellant's 2008 appeal. (B203878.) We dismiss the appeal because the petition was untimely and the denial order does not affect appellant's "substantial rights" within the meaning of Penal Code section 1237, subdivision (b).[1] Appellant has no constitutional or statutory right to "two bites of the appellate apple."

*Procedural History*

In 2003, appellant shot and killed rival gang member, Francisco Lopez-Reynaga. After the shooting, appellant ran to Rudy Vargas's home, a gang safe house, and disposed of the firearm.

In 2007 appellant was convicted by jury of second degree murder (Pen. Code, §§ 187, subd. (a), 189) with findings that he committed the murder for the benefit

---

[1] All statutory references are to the Penal Code unless otherwise stated.

of a criminal street gang (§ 186.22, subd. (b)(1)) and personally used and discharged a firearm causing death (§ 12022.53, subds. (b) - (d)). The trial court denied a motion for new trial, and sentenced appellant to 15 years to life state prison plus 25 years to life on the firearm enhancement.

In the 2008 appeal, appellant cited three incidents of juror misconduct which were the subject of his motion for new trial. After a gang expert testified, Juror No. 1 asked whether "we, as jurors, need to be worried about our safety because of possible gang retaliation?" The juror was admonished that safety concerns could not affect her deliberations. She said that she could remain impartial. At another point in the trial, a Hispanic man approached Alternate Juror No. 2 and tried to discuss the case. Concerned about her safety, Alternate Juror No. 2 reported the matter to the trial court. There was no possibility of misconduct because the alternate juror did not deliberate. (See e.g., *People v. Navarette* (2003) 30 Cal.4th 458, 488.) The third incident occurred during deliberations. Juror No. 2 submitted a note that Juror No. 12 "made a comment yesterday about [how] he knew that the Vargas family was sitting in the courtroom." Some of appellant's trial witnesses were members of the Vargas family. Juror No. 12 was admonished and questioned outside the presence of the other jurors. He denied knowing anyone involved in the case and said that Juror No. 2 took his comment out of context. Appellant's trial attorney conceded that the people in the courtroom were "all family members" and the family resemblance was obvious.

Affirming the judgment of conviction, we concluded there was no juror bias or misconduct and that the jurors were properly questioned and admonished. We further concluded that the alleged juror misconduct, if any, was trifling and did not deny appellant a fair trial. (*People v. Diaz* (Dec. 23, 2008, B203878) [nonpub. Op.].) After the California Supreme Court denied review on March 18, 2009 (S169989), appellant filed a petition for writ of habeas corpus in federal court that was denied.

*Late Petition for Juror Identifying Information*

In 2014, six years after the conviction, appellant filed a petition to access confidential juror identifying information. (Code Civ. Proc., § 237, subd. (b).) The petition stated that appellant wanted to contact the jurors to investigate juror bias and misconduct as a possible basis for habeas corpus relief. The trial court questioned whether the petition was timely but elected to address the petition on the merits. Denying the petition, it found that it was "a fishing expedition" and that appellant had not made a good cause showing for the release of confidential juror identifying information. (See e.g., *People v. Wilson* (1996) 43 Cal.App.4th 839, 852 [speculation on how jury arrived at its verdict does not establish good cause for release of juror contact information].)

*Timeliness*

Code of Civil Procedure section 237 requires, in a criminal case, that personal juror identifying information of trial jurors be sealed after the verdict is recorded. (Code Civ. Proc., § 237, subd. (a)(2).) Any person may petition the court for access to the records but the petition must be supported by a declaration that includes facts sufficient to establish good cause for the release of the juror personal identifying information. (Code Civ. Proc., § 237, subd. (b).)

Code of Civil Procedure section 206, subdivision (g) provides in pertinent part: "Pursuant to Section 237, a defendant or defendant's counsel may, following the recording of a jury's verdict in a criminal proceeding, petition the court for access to personal juror identifying information within the court's records necessary for the defendant to communicate with jurors *for the purpose of developing a motion for new trial or any other lawful purpose*. . . The court shall consider all requests for personal juror identifying information pursuant to Section 237." (Italics added.)

Code of Civil Procedure section 237 does not contain an express time requirement but there is "an implied timeliness requirement, albeit only a limited one." (*People v. Johnson* (2013) 222 Cal.App.4th 486, 497-498.)

In *People v. Duran* (1996) 50 Cal.App.4th 103, defendant filed a new trial motion based on jury misconduct. At the hearing on the motion, defendant orally

3

requested the names and addresses of the jurors. The trial court denied the request as untimely. (*Id.*, at p. 110.) The Court of Appeal affirmed because Code of Civil Procedure section 206 requires that juror information be sought for a "lawful purpose" and defendant show due diligence in making the request. (*Id.*, at p. 122-123.) The court ruled that defendant could have requested the juror personal identifying information when he first learned of possible misconduct, approximately six weeks before the motion for new trial. (*Id.*, at p. 122.) "Since [defendant] failed to show he exercised due diligence in pursuing this claim, there was no basis for continuing the hearing on the motion for new trial [and] there was no longer a lawful purpose to be served by releasing this information." (*Id.*, at p. 123.)

Like *People v. Duran*, *supra,* the instant petition is untimely, fails to show due diligence, and fails to make a prima facie showing that release of the juror identifying information is for a lawful purpose. (Code Civ. Proc., § 206, subd. (g).) The same purported juror misconduct was investigated at trial, was the subject of a motion for new trial, and was reviewed in the 2008 appeal. At the hearing on the instant petition, appellant's new attorney stated that if the court released the juror information "I [will] be able to determine whether [juror misconduct] could even be a valid issue to bring on a habeas petition." The trial court found that it was a "fishing expedition" and noted that the juror misconduct claim was rejected both at trial and on appeal. It would have been an abuse of discretion for the court to grant the petition six years after the conviction and appeal. (See e.g., *People v. Avila* (2006) 38 Cal.4th 491, 604; *In re Waltreus* (1965) 62 Cal.2d 218, 225 [habeas corpus petition barred where same issue raised and rejected on appeal].)

Our Supreme Court has warned that petitions to access confidential juror records " 'should not be used as a "fishing expedition" to search for possible misconduct. . .' " (*People v. Avila, supra,* 38 Cal.4th at p. 604.) Absent a showing of good cause for the release of confidential juror identifying information, the pubic interest in the integrity of the jury system and the jurors' right to privacy outweighs the defendant's interest in disclosure. (*Ibid*.; *Townsel v. Superior Court* (1999) 20 Cal.4th

4

1084, 1096.) Although appellant had a right to an impartial jury, there is no fundamental right under Code of Civil Procedure section 237 to access personal juror identifying information six years after the conviction. (*Id.*, at p. 1092 [criminal defendant has no guaranty of posttrial access to jurors].) "No one disputes the fundamental nature of the right to an impartial jury. . . . [Appellant, however,] is seeking to extend that concept beyond the time of the verdict to a point at which all agree jurors are free to go about their business without being required to discuss deliberations with anyone." (*People v. Santos* (2007) 147 Cal.App.4th 965, 979.)

*Appealability*

It is settled that the right of appeal is statutory and that an order is not appealable unless expressly made so by statute. (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.) Here the appeal is purportedly founded on section 1237 which provides that "[a]n appeal may be taken by a defendant: [¶] . . . (b) From any order after judgment, affecting the substantial rights of the party." But there is no authority that the post-judgment order denying a petition for the release of confidential juror identifying information is appealable.

In his opening brief, appellant states that he is "not arguing that the requested information [concerns] a substantive right. . . ." There is no constitutional right to an appeal. (*Abney v. United States* (1977) 431 U.S. 651, 656 [52 L.Ed.2d 651, 657-658] [right to appeal "is purely a creature of statute"].) "Although section 1237, subdivision (b), literally permits an appeal from any postjudgment order that affects the 'substantial rights' of the defendant, the right to appeal is limited by the qualification that . . . 'an order ordinarily is not appealable when the appeal would merely bypass or duplicate [an] appeal from the judgment itself.' [ Citation.]" (*People v. Totari* (2002) 28 Cal.4th 876, 882.) If the rule were otherwise, a convicted defendant could bring serial appeals based on the bald assertion that former counsel did not thoroughly explore a juror misconduct issue at trial or in the first appeal.

5

*Conclusion*

Where, as here, a Code of Civil Procedure section 237 motion to release personal juror identifying information is made after conviction, sentence, and affirmance on appeal, the petition is untimely. The superior court should not rule on the merits of such a petition. Where the superior court elects to rule on the merits of the petition, and denies relief, the order is not an appealable order affecting appellant's substantial rights. (§ 1237, subd. (b); *People v. Howerton* (1953) 40 Cal.2d 217, 220; compare *People v. Loper* (2015) 60Cal.4th 1155, 1161, fn 3.)

Appellant's judgment of conviction was affirmed in 2008 and has long since become final. "[T]here is something to be said for the sanctity of final judgments." (*In re Kinnamon* (2005) 133 Cal.App.4th 316, 325; see also *In re Harris* (1993) 5 Cal.4th 813, 831.)

The appeal is dismissed.

CERTIFIED FOR PUBLICATION.


**YEGAN, J.**

**We concur:**


**GILBERT, P.J.**


**PERREN, J.**

6

Lisa Chung , Judge

Superior Court County of Los Angeles

_____

Orly Ahrony, Chris Blaylock, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Roberta L. Davis, Nathan Guttman, Deputy Attorneys General, for Plaintiff and Respondent.