Filed 3/25/25  P. v. Sands CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>PHILIP LEO SANDS,<br><br>        Defendant and Appellant. | A171333<br><br>(San Francisco City & County Super. Ct. Nos. 10015, CRI-02131939, SCN-184929, SCN-195209) |

In 2005, Philip Leo Sands was convicted of special circumstances murder and sentenced to life in prison without the possibility of parole.  (*See People v. Sands* (2021) 70 Cal.App.5th 193, 199 (*Sands*).)  He appeals from the trial court's denial of his post-judgment motion for a youth offender parole hearing under Penal Code section 3051.[1]  His appellate counsel filed a brief identifying no issues as grounds for relief, complying with the procedure established in *People v. Delgadillo* (2022) 14 Cal.5th 216, 222, 231-232 (*Delgadillo*).  Sands then filed a supplemental brief.  We dismiss his appeal for lack of jurisdiction.

---

[1] Undesignated statutory references are to the Penal Code.

In 2021, this court affirmed the trial court's denial of an earlier motion for a youth offender parole hearing filed by Sands. (*Sands*, *supra*, 70 Cal.App.5th at p. 197.)  In that appeal, Sands "acknowledge[d] that . . . he is statutorily ineligible for a youth offender parole hearing" because he received a sentence of life without the possibility of parole for crimes he committed after age 18.  (*Ibid.*; *see also* § 3051, subd. (h).)  Sands maintained that his statutory ineligibility violated the Equal Protection Clause, an argument this court rejected.  (*Sands*, at pp. 197, 202-205; *see also People v. Hardin* (2024) 15 Cal.5th 834, 839.)

Subsequently, the trial court granted Sands's motion for a record development hearing pursuant to section 1203.01, and in 2023, the court held such a hearing and admitted various exhibits submitted by Sands.

When Sands again filed a motion for a youth offender parole hearing in 2024, the trial court denied the request because he was seeking to relitigate the issues that were resolved against him in this court's 2021 opinion.

## DISCUSSION

Where, as here, the appellant has filed a supplemental brief in compliance with the procedures established in *Delgadillo*, we issue an opinion addressing the arguments presented in that brief.  (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

Here, however, we do not reach the merits of the arguments Sands raises in his supplemental brief because we

---

[2] We deny as unnecessary Sands's request for judicial notice of the appellate record from his prior appeals.  (*See In re Reno* (2012) 55 Cal.4th 428, 484 ["Petitioners need not separately or specifically request judicial notice of all documents connected with their past appeals"]).

lack jurisdiction over his appeal.  Although section 1237, subdivision (b), permits appeals from "any order made after judgment, affecting the substantial rights of the party," an appeal that duplicates a previous appeal is not an appealable order affecting substantial rights.  (*See People v. Totari* (2002) 28 Cal.4th 876, 882; *see also People v. Diaz* (2015) 235 Cal.App.4th 1239, 1245 (*Diaz*).)  Otherwise, appellants could take multiple bites of the apple.  (*See Diaz*, at pp. 1241, 1245.)

Because Sands already litigated the issue of his entitlement to a youth offender parole hearing in his earlier appeal, the trial court's denial of his second motion for a youth offender parole hearing is not an order affecting his substantial rights.  (*See Diaz*, *supra*, 235 Cal.App.4th at p. 1245.)

## DISPOSITION

The appeal is dismissed.


BURNS, J.

WE CONCUR:


SIMONS, ACTING P.J.
CHOU, J.

*People v. Sands (A171333)*